UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

JOHN ROSE,

      Plaintiff,

V.

DOCTOR DOUG CRALL, M.D., et al.,

      Defendants.

Civil Action No. 5:14-465-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*   \*\*   \*\*   \*\*   \*\*

John Rose ("Rose"), an inmate in custody of the Kentucky Department of Corrections ("KDOC") and presently confined in the Northpoint Training Center ("NTC") in Burgin, Kentucky, filed a complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional right to medical care and treatment. [R. 1]. Specifically, Rose claims that the Defendants[1] have been deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment of the United States Constitution, by failing to provide adequate medical care and treatment to him relative to the broken foot he sustained in January of 2014. Rose seeks compensatory damages and injunctive relief.

The Court conducted the required screening of Rose's complaint, as amended, and in the Amended Memorandum Opinion and Order of July 15, 2015, the Court dismissed some claims and some of the named Defendants and directed that the remaining Defendants respond to Rose's complaint, as amended. [R. 13]. This matter is before the Court on

---

[1]The named Defendants are Dr. Doug Crall, M.D., Medical Coordinator, KDOC; Dr. Richard Rhee, M.D.; Shelli Conyers Votaw, APRN, NTC; Leann Watson, LPN, NTC; Lisa Good, LPN, NTC; Tammy Pittman, LPN, NTC; Julie Thomas, Deputy Warden, NTC; and Correct Care Solutions.

defendant Tammy Pittman's motion to dismiss plaintiff's complaint, as amended, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim against her for which relief can be granted. [R. 21]. Rose having file a response thereto [R. 35], it is ripe for review. For the reasons explained below, Rose's claims against Tammy Pittman will be dismissed because Rose has failed to establish a viable Eighth Amendment claim against her.

## APPLICABLE LAW

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544,

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC,* 561 F.3d 478, 488 (6th Cir.2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir.2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions." *Tackett,* 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555, 557).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Therefore, the court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. 544 (internal citations omitted). A plaintiff satisfies this standard only he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

Furthermore, to state a claim for relief under § 1983, the plaintiff must allege how ***each defendant*** was personally involved in the acts about which the plaintiff complains. *Rizzo v. Goode,* 423 U.S. 362, 375 (1976) (emphasis added). "It is not enough for a complaint ... to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir.1986). Thus, a plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrrance v. Northville Reg'l Psychiatric Hosp.,* 286 F.3d 834 (6th Cir.2002). The Court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir.2001); *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987).

This Court recognizes that while *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991), "[o]ur duty to be 'less stringent'

with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall,* 610 F.2d 16, 19 (1st Cir.1979) (citation omitted). Further, the Court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir.1985).

### DISCUSSION/ANALYSIS

For several reasons, plaintiff's claims against defendant Tammy Pittman cannot survive her motion to dismiss because Rose's complaint, as amended, is devoid of the requisite procedural and substantive allegations establishing that Rose is entitled to relief from her. First, this complaint lacks the requisite specificity in stating the factual basis for claims against Tammy Pittman. The complaint, as amended, contains no factual allegations that pertain to Defendant Pittman. In fact, as Rose acknowledges in his response, Tammy Pittman is not a nurse; she works in an administrative position in the Medical Department at NTC. Thus, since she is not a medical provider, she was not in a position to provide medical care and treatment to Rose; therefore, as a matter of law, she could not have been deliberately indifferent to Rose's medical condition in violation of the Eighth Amendment.

Rose has furnished only vague, unsupported allegations which are nothing more than conclusory assertions of law, parroting the legal elements of his claims. His complaint, as amended, does not meet the necessary degree of specificity to survive a motion to dismiss his claims against Tammy Pittman. "Allowing this case to proceed

[against Tammy Pittman] absent factual allegations that match the bare-bones recitation of the claims' elements would sanction a fishing expedition costing both parties, and the court, valuable time and resources." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 604 (7th Cir. 2009). Because Rose has not, as required under *Twombly*, "nudged [his] claims across the line from conceivable to plausible," his Amended Complaint against defendant Pittman must be dismissed for failure to state a claim. Plaintiff has failed to state a single fact that that could put Defendant Pittman on notice of what she has done that would arguably give rise to a plausible conclusion that she has exhibited deliberate indifference to Rose's medical needs.

Rose concedes that Tammy Pittman is not a nurse; however, he states that Pittman failed to provide him with medical records he had requested from her that prove his "deliberate indifference" claim, that she had full knowledge of this deliberate indifference, and that she tried to conceal it by not providing him with the medical records he had requested. [R. 35, at p. 16]. Rose suggests that Pittman was part of a conspiracy of cover up this "deliberate indifference."

The Court is unpersuaded by Rose's conspiracy argument. By letter dated August 7, 2014, Tammy Pittman advised Rose that she was providing him with a copy of the final x-ray report dated May 12, 2014, from Express Mobile of his right foot. [R. 7-1]. This letter also advised him that: "Your request for the actual x-rays and statements made by Express Mobile concerning your x-rays blood clots, etc., cannot be provided because they do not exist in your medical records." *Id.* In essence, Pittman provided Rose with a copy of the x-ray report in question and advised him that she could not provide the remainder of his request because those items were not maintained in his medical records at NTC. Pittman's August 7 letter implies that perhaps Rose might want to consider making this same request for

medical records from Express Mobile itself.  However, her subsequent letter to Rose dated August 18, 2014, elaborates on this subject, where she states:  "As you and I discussed today in the Medical Department, the only statements made by Express Mobile regarding your foot are on the Final X-ray Report you obtained from the Medical Department previously."  [R. 35-1].

To establish a viable claim against Pittman, Rose must make a colorable claim that defendant Pittman "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Bass v. Robinson,* 167 F.3d 1041, 1048 (6th Cir.1999) (citations omitted). Instead, he must show that Pittman "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (*Shehee,* 199 F.3d at 300).  Because Rose has failed to allege any facts that plausibly make this showing, any claims against defendant Pittman must be dismissed.

Accordingly, it is **ORDERED** that:

1.      The motion of defendant Tammy Pittman to dismiss plaintiff's complaint, as amended, against her, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim [R. 21] is **GRANTED**.

2.      Plaintiff's claims against defendant Tammy Pittman are **DISMISSED**, and Tammy Pittman is terminated as a party to this action.

Dated November 13, 2015.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY